## HERRICK vs. KING and others.

By a statute of New York, any mortgage on canal boats, or a copy thereof, is required to be filed in the office of the auditor of the canal department, and within thirty days next preceding a year from the filing thereof, a copy is required to be again filed, or the mortgage shall be void as against the creditors of the mortgagor, or subsequent purchasers, or mortgagees in good faith:

*Held*—upon a bill to foreclose such a mortgage, the second copy whereof was not filed till after the year had elapsed, that the mortgage was valid as against attachments sued out in this state, after the actual filing of the second copy, for wages due hands on the boat accrued since such filing, but must be postponed to wages accrued before the re-filing, as well before as after the default.

On motion to dissolve an injunction, upon answers filed.

*Mr. J. R. Hardenbergh,* in support of the motion.

*Mr. Ransom,* contra.

THE CHANCELLOR.

The defendants, Goodman, Porter, and Harris, on the 2d of November, 1867, each sued out an attachment in the court

for the trial of small causes, against the defendant, King, for w... ...s ... them as hands upon a canal boat of King, called the Thomas Mullhall, which had been brought by them to Jersey City on that day; by these, the boat was attached by the defendant, Onslow, as constable.

The complainant filed his bill to foreclose a chattel mortgage held by him on the boat, given by King to secure the purchase money of the boat, which was sold by him to King. The mortgage was dated August 18th, 1866. He alleged, in his bill, that he had, shortly before the bringing of the boat in this state, taken possession of it, pursuant to a clause in the mortgage, and that the defendants, Goodman, Porter, and Harris, had taken the boat from his possession, and brought it into this state from the state of New York.

These defendants, by their answers, deny that the complainant ever had possession of the boat since he sold it to King, or that they took it from his possession, but own that they brought it to this state to receive a load of coal, as return freight, for the benefit of the owner, King, who was their employer. The defendant, Harris, claims that King owed him for wages for services, from the 13th day of April to November 2d, 1867, at the rate of $25 per month, except eight days lost time, subject to a credit of $59 paid him on account. The other two defendants claim for wages from October 19th, to November 2d, 1867. All, in their answers, aver that they and King, and the complainant, resided in the state of New York, where this boat belongs. They admit that the boat was sold by complainant to King and mortgaged, as in the bill stated. They admit that a copy of the mortgage was filed in the office of the canal auditor on the 23d day of August, 1866, but deny that a second copy was filed, as alleged in the bill, within thirty days before the expiration of the year, and say that the second copy was not filed until the 30th day of August, 1867; and these allegations are supported by affidavits annexed to the answer.

They also answer, that by a statute of New York, passed April 15th, 1864, and still in force, any mortgage on canal

boats, or a copy thereof, is required to be filed in the office of the auditor of the canal department, and within thirty days next preceding a year from the filing thereof, a copy is required to be again filed, or the mortgage shall be void as against the creditors of the mortgagor, or subsequent purchasers, or mortgagees in good faith.

The real question is, whether this mortgage, which was re-filed before either of the attachments, is valid as against these defendants.

As the question relates to the sale of personal property, at the time of the transaction in the state of New York, and the parties are all residents in that state, and the interest of no resident of New Jersey is affected, the question must be determined by the laws of New York. *Story on Confl. of Laws,* § 387–8.

The courts of New York have settled the construction of this act, by their decisions on the act of that state, passed in 1833, concerning chattel mortgages, in almost the same words as this act.

They have determined that the re-filing of a copy of such mortgage, after the expiration of the time in which such filing is required, revives the mortgage, and makes it good against all subsequent creditors, purchasers, and mortgagees, but that it is subject to the claims of purchasers and mortgagees whose rights accrued during the default, and to the rights of all creditors whose debts were contracted before the re-filing, as well those contracted before the default as after; and that it is not necessary, to entitle creditors to the protection of this act, that their debts should have become liens by judgment or attachment before the re-filing, if they have been made liens before the question arises. *Thompson* v. *Van Vechten,* 27 *N. Y. R.* 582; *Swift* v. *Hart,* 12 *Barb.* 530.

It is not necessary that I should concur in this as a correct exposition of the statute of that state; it is enough for me to know that it is the construction adopted by its courts. This makes the law of New York which governs the case. The attachments of the defendants, Goodman and Porter,

are subject to the mortgage of the complainant, and so much of the debt of Harris as accrued since the 30th of August must be postponed to the complainant; the residue must be first paid.

The motion to dissolve the injunction by the defendants, Goodman and Porter, must be denied, with costs. That by the defendant, Harris, must be denied, without cost on either side. The receiver must be continued, and may sell the boat, and, upon judgment in attachment being had by the defendant Harris, must pay him, out of the proceeds of the sale, so much of his claim as accrued before the 30th day of August, less the sum paid, as set forth in his answer.